# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:07-CV-00400-FDW

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| BODA PLUMBING, INC., | ) ) |
| Defendant. | ) |

**ORDER**

THIS MATTER comes now before the Court upon Plaintiff's Motion to Strike Matter From Defendant's Answer (Doc. No. 5) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's Motion is GRANTED.

Under Rule 12(f), a district court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may do this upon motion of a party before a responsive pleading is filed, upon motion within twenty days if no responsive pleading is required, or at any time upon the Court's own initiative. Defendant's answer was filed on October 31, 2007, and Plaintiff filed its Motion to Strike on November 15, 2007. Plaintiff's Motion is therefore timely. As the United States Court of Appeals for the Fourth Circuit has stated:

> Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Nevertheless, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted."

Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 and § 1381, 665 (2d ed.1990)).

Plaintiff brought this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, alleging that Defendant "discriminated against Anthrone Cunningham by subjecting him to a racially hostile work environment because of his race, African American." (Complaint.) Defendant answered by denying all of Plaintiff's claims and by offering the following additional information: "Defendant further draws the Court's attention to the fact that the complaining witness, Mr. Anthrone L. Cunningham, upon which the EEOC states in its complaint it relies in brining this action has an extensive criminal record including multiple convictions related to fraud in employment matters." (Answer at ¶ 7.) Plaintiff argues in its Motion that this part of Defendant's Answer should be stricken because it is immaterial, impertinent, and scandalous.

The facts of this case are similar to those of Radasci v. The Borough of Brentwood, No. 07-00483, 2007 WL 2463397 (W.D. Pa. Aug. 28, 2007), which the Court finds persuasive. In Radasci, the plaintiff amended her complaint to include the fact that the defendant's president had a criminal record of fraud. The court found that the new information in the amended complaint was "scandalous as well as immaterial and impertinent in that [the information] is entirely irrelevant to any of Plaintiff's claims." Id. at *1. The instant case is similar in that Defendant is attempting to inject the criminal record of Plaintiff's complaining witness into the case. Plaintiff's lawsuit alleges racial discrimination in the workplace. Mr. Cunningham's criminal record is certainly scandalous, but, at this time, it is also irrelevant to the question of whether he suffered racially discriminatory

behavior at Defendant's place of business.[1]  Furthermore, including the fact of Mr. Cunningham's criminal record certainly has the potential to confuse the issues in this case and is, in any event, not a valid defense to the charges in the Complaint.  Therefore, the Court finds that the statement in ¶ 7 of Defendant's Answer is immaterial, impertinent, and scandalous and should be stricken from Defendant's Answer.

Therefore, based on the preceding analysis, Plaintiff's Motion to Strike is GRANTED.  The entire statement following the word "Denied" in ¶ 7 of Defendant's Answer is hereby stricken.

IT IS SO ORDERED.                                    Signed: November 16, 2007

Frank D. Whitney
United States District Judge

---

[1] The Court notes, however, that Mr. Cunningham's criminal record may be relevant at a later stage of this proceeding (e.g., to impeach the witness during his deposition or trial testimony).